# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| SANTEE PRINT WORKS,<br><br>Plaintiff,<br><br>v.<br><br>MS PRINTING SOLUTIONS S.R.L.;<br>DOES 1–10,<br><br>Defendants. | CIVIL ACTION NO.: 3:24-cv-01042-MGL<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, SANTEE PRINT WORKS ("Santee"), for its Complaint against Defendants, MS PRINTING SOLUTIONS S.R.L. ("MS") and DOES 1–10 (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1. Defendants hacked into Santee's computers and digital textile printers to obtain information and data in violation of federal and state law. As such, Santee brings this action seeking damages, injunctive relief, attorney fees and costs, and other relief.

## THE PARTIES

2. Plaintiff, Santee Print Works, is a South Carolina Corporation with a principal place of business at 19 Progress Steet, Sumter, South Carolina. Santee is a textile company that, among other things, prints, dyes, finishes, and tests fabric at its textile mill in South Carolina.

3. On information and belief, Defendant MS Printing Solutions S.R.L. is an Italian business entity (a società a responsabilità limitata which, on information and belief, is similar to a limited liability company) with a principal place of business at Via Bancora e Rimoldi 47, 22070

136960887.3

1

Guanzate (CO), in the Province of Como, Italy. MS manufactures and distributes digital printing systems.

4. Santee is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1–10, and therefore sues these Defendants by such fictitious names. Santee will amend this Complaint to allege the true names and capacities of the Doe Defendants when they are ascertained. Santee is informed and believes, and thereon alleges, that each of these fictitiously-named Doe Defendants is responsible in some manner for the occurrences alleged herein and that Santee's damages were proximately caused by such Doe Defendants as alleged herein. Santee suspects the Doe Defendants include employees of or personnel associated with MS who were personally involved in the wrongful acts alleged herein.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

6. The Court has personal jurisdiction over Defendants according to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and S.C. Code Ann. §§ 36-2-803. Specifically, this case arises out of (a) Defendants' transaction of business in South Carolina; (b) Defendants' contracts to supply products and services in South Carolina; (c) Defendants' commission of torts in South Carolina; (d) Defendants' actions outside South Carolina that caused tortious injury in South Carolina in light of their regular business in the state; (e) Defendants' production, manufacture, and/or distribution of goods with the reasonable expectation that they would be used or consumed in South Carolina; and/or other facts that will be established as discovery progresses.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**FACTUAL BACKGROUND**

8. In 2017, Santee purchased two digital textile printers from MS that have certain computer systems associated with them (the "Printers"). The Printers are, and at all relevant times have been, located at Santee's textile facility in Sumter, South Carolina. The Printers, among other things, contain computer systems that communicate in interstate and/or foreign commerce. For example, the Printers can be accessed over a secure Internet connection via Santee's computers, networks, and systems ("Santee's Computers") that are located in South Carolina to remotely view data and information on the Printers and to facilitate maintenance, troubleshooting, and other tasks on the Printers.

9. In 2021, Santee filed a lawsuit against MS in Italy to recover damages and other relief because the Printers are defective (the "Italian Lawsuit"). In short, the Printers did not and do not function as advertised and promised by MS, and MS tried and repeatedly failed to fix the Printers over the course of several years. MS refused to fairly resolve the dispute with Santee, so Santee was required to resort to litigation in Italy where MS is based.

10. In the Italian Lawsuit, MS has incorrectly alleged that Santee has continued to use the Printers commercially and, therefore, that any use below the Printers' maximum printing capacity is attributable to Santee's order volume and not to any Printer defects. Santee has denied this allegation.

11. In April 2023 and unbeknownst to Santee, Defendants knowingly and intentionally used dishonest methods to hack into Santee's Computers and the Printers to obtain confidential Santee information and data that MS was not entitled to access. Upon information and belief, Defendants used a MS computer program intended for troubleshooting to remotely access the Printers via Santee's Computers.

12. Upon information and belief, Defendants' April 2023 hacking also further impaired, interfered with, and/or altered or deleted information or data on Santee's Computers and the Printers. For example, the Printers have functioned differently since the hacking, have displayed additional errors, and have otherwise had further malfunctions.

13. Defendants admitted to the hacking when MS filed in the Italian Lawsuit certain information and data MS claims to have obtained from Santee's Computers and the Printers without or in excess of Santee's consent, including at least following files and reports: Santee1S_Info, Santee1S_PrintedJobList, Santee2R_Info, Santee2R_PrintedJobList, and Santee 11.04.23 Reactive (the "Files").

14. The Files contain valuable, sensitive, and confidential information and data belonging to Santee that Defendants were not entitled to access. For example, the Files contain the names of Santee's customers and information about their orders.

15. MS did not use efforts to protect the confidentiality of the Files when MS submitted them on the public record in the Italian Litigation.

16. MS submitted the Files in the Italian Litigation for its own gain and to attempt to convince the Italian court that Santee was commercially using the Printers, even though this is false.

17. In January 2024 and again unbeknownst to Santee, Defendants dishonestly hacked into Santee's Computers and the Printers *again* to obtain additional Files and information, MS *again* submitted the additional Files and information in the Italian Litigation, MS *again* failed to protect the confidentiality of the Files and information by submitting them on the public record, and MS *again* sought to gain an advantage for itself in the Italian Litigation. Upon information and belief, Defendants' January 2024 hacking also further impaired, interfered with, and/or altered

or deleted data on Santee's Computers and the Printers, including because the Printers have functioned differently since the hacking, have displayed additional errors, and have otherwise had further malfunctions.

18. Defendants were not authorized to access Santee's Computers or the Printers as described above.

19. Defendants were not authorized to access the Files or Santee's information and data as described above.

20. To the extent MS ever was ever authorized to remotely access Santee's Computers or the Printers (and Santee denies MS was ever so authorized), any such authorization was revoked.

21. In any event, MS's access to Santee's Computers and the Printers – and at the very least, to the Files and Santee's information and data – as described above was in excess of any authorization or other permission ever granted to MS.

22. Defendants knew or should have known that they were not authorized to access Santee's Computers, the Printers, and/or Santee's information and data as described above or that Defendants' acts were in excess of any authorization or other permission ever granted to MS. For example, Defendants either knew, or should have known, that hacking into Santee's Computers and/or the Printers to obtain the Files or Santee information and data to be used in support of an agreement MS desired to make in the Italian Litigation was not permissible.

23. To address Defendants' hacking of Santee's Computers and the Printers, Santee was required to divert its internal resources and hire external experts, consultants, and attorneys to respond to the hacking, to determine which Files or what information and data was accessed or obtained, and to investigate, secure, and attempt to remediate the harm, loss, impairment, and

damage caused by Defendants to Santee's Computers and the Printers at costs to Santee that at least exceeded $5,000 between April 2023 and February 2024 and that are ongoing.

## FIRST CAUSE OF ACTION
### Violation of Computer Fraud and Abuse Act
### (18 U.S.C. § 1030)

24. Santee re-alleges and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth herein.

25. Santee's Computers and the Printers are or contain computers that are used in or affecting interstate or foreign commerce or communication.

26. Defendants' access to Santee's Computers and the Printers involved interstate and/or foreign communications.

27. Defendants knowingly and intentionally accessed Santee's Computers and the Printers without or in excess of authorization to obtain information or data from or via Santee's Computers and the Printers.

28. Defendants used dishonest methods to obtain valuable Santee confidential information or data from or via Santee's Computers and the Printers.

29. Defendants' wrongful acts as set forth herein caused damage and/or loss to Santee aggregating at least $5,000 in value within a period of one year.

30. Santee has suffered, and continues to suffer, injuries, losses, and damages as a result of Defendants' wrongful acts described herein in an amount to be proven at trial.

31. Santee also has been, and will continue to be, irreparably injured by Defendants' ability to access or interfere with Santee's Computers and the Printers and/or to obtain Santee information or data without or in excess of authorization unless Defendants are enjoined by this Court.

## SECOND CAUSE OF ACTION
### Conversion/Trespass to Chattels

32. Santee re-alleges and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth herein.

33. Defendants have accessed and/or used Santee's Computers and the Printers, without authority, with the intent to cause physical injury to the property of another.

34. Defendants have, without authority, trespassed on Santee's Computers and the Printers.

35. Defendants have, without authority, obtained Santee information or data from or via Santee's Computers and the Printers and converted that information and data for their own use.

36. Defendants knowingly and intentionally engaged in the wrongful acts described herein, and these acts by Defendants were unlawful and unauthorized.

37. Santee has suffered, and continues to suffer, injuries, losses, and damages as a result of Defendants' wrongful acts described herein in an amount to be proven at trial.

38. Santee also has been, and will continue to be, irreparably injured by Defendants' ability to trespass into Santee's Computers and the Printers and/or to obtain Santee information or data without or in excess of authorization unless Defendants are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Santee respectfully requests the following relief:

1. A judgment in Santee's favor and against Defendants;

2. A judgment that Defendants have violated the Computer Fraud and Abuse Act (18 U.S.C. § 1030);

3. A judgment that Defendants have trespassed into Santee's Computers and the Printers without or in excess of authorization and/or converted Santee's information or data;

4. A judgment that awards Santee all appropriate damages, including compensatory damages, any other damages, attorney fees, expert fees, and any other costs;

5. A judgment that awards Santee enhanced, exemplary, and special damages;

6. An order enjoining and restraining Defendants from engaging in the wrongful and unlawful acts described herein and granting such other injunctive or equitable relief as may be allowed;

7. A judgment that awards Santee the fees and costs of this action, including attorney fees, court costs, expert costs, and any other fees or costs;

8. A judgment awarding to Santee pre- and post-judgment interest to the fullest extent allowed by law; and

9. An order granting all such other and further relief that the Court deems just and proper.

## JURY DEMAND

Santee respectfully demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

(Signature page follows)

Date: February 29, 2024	Respectfully submitted,

/s/ Taylor J. Stewart
Taylor Stewart
S.C. Fed. ID. No. 13451
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Drayton Street, Suite 300
Savannah, Georgia 31401
Phone: 912.525.4977
Taylor.Stewart@lewisbrisbois.com

Joshua D. Curry (*pro hac vice* forthcoming)
LEWIS BRISBOIS BISGAARD & SMITH LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
404.567.6565
Josh.Curry@lewisbrisbois.com

*Counsel for Plaintiff Santee Print Works*